IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ELIJAH BENJAMIN BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-115 |
| | ) | |
| OFFICER HOBBS, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Johnson State Prison in Wrightsville, Georgia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   **SCREENING THE COMPLAINT**

   A.   **BACKGROUND**

In his complaint, Plaintiff names Officer Hobbs as the sole Defendant. Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On the evening of April 17, 2023, at ASMP, Defendant Officer Hobbs allowed several unauthorized inmates to enter Plaintiff's dorm. (Doc. no. 1, pp. 4, 5, 12.) Upon entering

Plaintiff's dorm, those inmates were joined by several other inmates who together assaulted and severely beat Plaintiff for about ten minutes. (Id. at 5, 12.) Defendant watched the entire attack on Plaintiff but refused to stop it. (Id.) Following the assault, Plaintiff was "severely beaten." (Id. at 12.) Plaintiff "begged and pleaded" Defendant for medical attention, but Defendant refused to provide or otherwise seek immediate medical attention for Plaintiff. (Id.) Instead, Defendant told Plaintiff he was not allowed to go anywhere until the morning. (Id. at 5, 12.) Plaintiff was then given a bed mat and ordered to sleep outside in the rec yard. (Id.) While attempting to sleep in the yard, other inmates saw Plaintiff outside "in severe life threatening shape." (Id. at 12.) The other inmates stressed to Defendant that Plaintiff was in a serious condition, which finally convinced Defendant to call "the code" to obtain medical help for Plaintiff. (Id. at 5, 12.)

Plaintiff was first taken to the medical unit inside ASMP, where ASMP personnel immediately transferred him to an outside hospital due to the severity of his injuries. (Id.) At the hospital, medical personnel determined Plaintiff had two broken ribs, a broken nose, and multiple contusions to his head, face, and back. (Id.) Follow-up medical appointments revealed Plaintiff also "had a case of neuropathy," which would only worsen over time. (Id.) Moreover, Plaintiff's ribs healed irregularly and may require corrective surgery. (Id.) Bones in Plaintiff's back were also "substantially damaged." (Id. at 5.) Plaintiff requests monetary relief. (Id.)

    **B.    DISCUSSION**

        1.    **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow

v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

        2.      **Plaintiff Fails to State a Claim of Deliberate Indifference to His Safety**

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*). However, because "a risk of harm to some degree always exists by the nature of its being a [prison]," not every condition rises to the level of an Eighth Amendment violation. Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005); see also Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981) ("This does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials."); Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) ("Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" (citing Farmer, 511 U.S. at 833-34)). "[A]n excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm; occasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment, [but] confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014).

### a. Plaintiff Fails to State a Valid Failure to Protect Claim Against Defendant

"Merely negligent failure to protect an inmate from attack does not justify liability under § 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*) (citation omitted). Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

The three elements of a failure-to-protect claim, which are evaluated in part by an objective standard and in part by a subjective standard, include: (1) incarceration under conditions posing a substantial risk of serious harm; (2) the defendants had a sufficiently culpable state of mind; and (3) causation, e.g., demonstrating the constitutional violation caused an injury. Cox v. Nobles, 15 F.4th 1350, 1357-58 (11th Cir. 2021); see also Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019) (*per curiam*) (explaining objective and subjective analysis of three elements of § 1983 deliberate indifference claim). The second element, deliberate indifference, occurs when a prison official "knows of and disregards an excessive risk to inmate health or safety." Cox, 15 F.4th at 1358 (citation omitted). Thus, Plaintiff must allege a Defendant "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that a Defendant "dr[ew] the inference." Id. (citation omitted).

Plaintiff's failure to protect claim fails because he does not establish the second element of a failure to protect claim. Plaintiff does not allege Defendant actually (subjectively) knew Plaintiff faced a substantial risk of serious harm from his attackers, let alone that Defendant

disregarded any such known risk. Nowhere does Plaintiff allege he notified Defendant of a *specific* threat prior to the attack. Although Plaintiff states Defendant allowed several unauthorized inmates into his dorm, (doc. no. 1, pp. 5, 12), Plaintiff fails to allege that Defendant knew this action constituted a substantial risk of serious harm to Plaintiff's safety. To the extent Plaintiff's allegations could be read to suggest that a congregation of inmates in Plaintiff's dorm, including "unauthorized" inmates from another dorm, could be problematic, general knowledge of violent history is not sufficient. See Marbury, 936 F.3d at 1237-38; Carter v. Galloway, 352 F.3d 1346, 1349-50 (11th Cir. 2003) (*per curiam*) (requiring "much more than mere awareness" of an inmate's "generally problematic nature" to impose liability for failing to protect against attack). Accordingly, Plaintiff's allegations fail to establish Defendant subjectively knew of and disregarded a substantial risk of serious harm to Plaintiff. Thus, Plaintiff fails to state a failure-to-protect claim against Defendant.

        **b.**       **Plaintiff Fails to State a Valid Failure to Intervene Claim Against Defendant**

A prison official can be liable under the Eighth Amendment for failing to take reasonable steps to protect a victim from an ongoing assault by another inmate. See Ledlow v. Givens, 500 F. App'x 910, 914 (11th Cir. 2012) (*per curiam*) (citing Skritch v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002)). As explained by the Eleventh Circuit, liability for a failure to intervene claim may be imposed when: (1) another inmate's physical assault created a substantial, objective risk of injury, (2) of which a defendant is subjectively aware, (3) the defendant was in a position to intervene, and (4) the defendant did not respond reasonably to the risk of injury. See Johnson v. Boyd, 568 F. App'x 719, 724-25 (11th Cir. 2014) (*per*

6

*curiam*). Plaintiff bears the burden of showing Defendant was in a position to intervene but did not do so. See Ledlow, 500 F. App'x at 914.

> The reasonable response requirement has been described as follows:
>
> "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844. More succinctly, "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." Id. at 845. We have said that a prison official violates the Eighth Amendment if he responds to a known risk "in an objectively unreasonable manner." Cottone [v. Jenne], 326 F.3d 1352, 1358 (11th Cir. 2003). An official responds to a known risk in an objectively unreasonable manner if "he knew of ways to reduce the harm but knowingly declined to act" or if "he knew of ways to reduce the harm but recklessly declined to act." Hale [v. Tallapoosa Cty.,] 50 F.3d 1579, 1583 (11th Cir. 1995).

Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 619-20 (11th Cir. 2007).

As noted, for liability to attach, prison officials must have been "in a position to intervene." Terry, 376 F. App'x at 896 (citing Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998)). An officer who fails to intervene in a fight between inmates can only be held liable if he "was physically able and had a realistic chance to intervene and act in time to protect the inmate plaintiff." Smith v. Andrews, CV 114-206, 2016 WL 6818755, at *4 (S.D. Ga. Nov. 16, 2016) (collecting cases), *adopted by*, 2016 WL 7197446 (S.D. Ga. Dec. 9, 2016) (Hall, C.J.); Seals v. Marcus, No. 1:11-CV-99 WLS, 2013 WL 656873, at *7 (M.D. Ga. Jan. 25, 2013) (same), *adopted by*, 2013 WL 663579 (M.D. Ga. Feb. 22, 2013).

Here, Plaintiff offers no facts to support a claim that Defendant was physically able to intervene, had a realistic chance to intervene, and could do so without unreasonably risking her own health and safety. Although Plaintiff states Defendant observed the entire attack, and that she refused to stop the attack, (doc. no. 1, pp. 5, 12), Plaintiff does not allege Defendant was armed or in what manner Defendant could have reasonably intervened without an unreasonable risk to her

7

own health and safety. "[N]o rule of constitutional law requires unarmed officials to endanger their own safety in order to protect a prison inmate threatened with physical violence." Seals, 2013 WL 656873, at *8 (quoting Longoria v. Texas, 473 F.3d 586, 594 (5th Cir. 2006)); see also Winfield v. Bass, 106 F.3d 525, 532 (4th Cir. 1997) ("[A]ll of the authority of which we are aware leads to the conclusion that such heroic measures are not constitutionally required."). Thus, Plaintiff fails to state a valid failure to intervene claim.

### 3. Plaintiff Fails to State a Valid Claim for Conditions of Confinement

Although Plaintiff purports to bring a claim based on conditions of confinement regarding the underlying facts, (doc. no. 1, p. 3), this claim also fails. "[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Rather, the Eighth Amendment requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety. Farmer, 511 U.S. at 832.

Challenges to conditions of confinement are subject to a two-part analysis. Chandler, 379 F.3d at 1289. First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Id. The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*); Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*). "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (*per curiam*) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Second, Plaintiff must satisfy a subjective prong by showing that Defendant acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013). The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id. There must be an allegation a defendant acted with "subjective recklessness as used in the criminal law" by showing a defendant was "actually, subjectively aware his own conduct caused a substantial risk of serious harm to the plaintiff," but even if he knew of that substantial risk, he is not liable under the Eighth Amendment "if he responded reasonably to the risk." Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024) (*en banc*) (citing Farmer, 511 U.S. at 839, 844-45).

Here, Plaintiff does not allege adequate facts to establish either element. First, Plaintiff provides no details about any specific conditions in the dorm. To the extent he argues Defendant's act of allowing several "unauthorized" inmates to enter the dorm is a condition, this action does not rise to the level of an "unreasonable risk of serious damage to his future health or safety" because Plaintiff alleges no information to suggest letting unauthorized inmates into his dorm constitutes an "extreme" risk. Chandler, 379 F.3d at 1289. Moreover, Plaintiff does not allege Defendant had any subjective knowledge about the dorm to which Plaintiff was assigned, much less any knowledge that letting unauthorized inmates into Plaintiff's dorm would result in a substantial risk of harm to Plaintiff. Wade, 106 F.4th at 1262.

Because he does not establish either element, Plaintiff fails to state a valid claim based on conditions of confinement.

### 4. Official Capacity Monetary Damages

Plaintiff states he is suing Defendant in her official and individual capacities. (Doc. no. 1, p. 2.) However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against Defendant for monetary relief fail as a matter of law and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims for failure to protect, failure to intervene, and conditions of confinement, as well as all official capacity claims for monetary damages, be **DISMISSED**. By separate Order, the Court directs service of process on Defendant Hobbs in her individual capacity based upon Plaintiff's allegations of deliberate medical indifference.

SO REPORTED and RECOMMENDED this 3rd day of January, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA