IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ELIJAH BENJAMIN BREWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 124-115 |
| | ) |
| OFFICER HOBBS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff, incarcerated at Johnson State Prison in Wrightsville, Georgia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     SCREENING THE COMPLAINT**

In his complaint, Plaintiff names Officer Hobbs as the sole Defendant. Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On the evening of April 17, 2023, at ASMP, Defendant Officer Hobbs allowed several unauthorized inmates to enter Plaintiff's dorm. (Doc. no. 1, pp. 4, 5, 12.) Upon entering Plaintiff's dorm, those inmates were joined by several other inmates who together assaulted

and severely beat Plaintiff for about ten minutes. (Id. at 5, 12.) Defendant watched the entire attack on Plaintiff but refused to stop it. (Id.) Following the assault, Plaintiff was "severely beaten." (Id. at 12.) Plaintiff "begged and pleaded" Defendant for medical attention, but Defendant refused to provide or otherwise seek immediate medical attention for Plaintiff. (Id.) Instead, Defendant told Plaintiff he was not allowed to go anywhere until the morning. (Id. at 5, 12.) Plaintiff was then given a bed mat and ordered to sleep outside in the rec yard. (Id.) While attempting to sleep in the yard, other inmates saw Plaintiff outside "in severe life threatening shape." (Id. at 12.) The other inmates stressed to Defendant that Plaintiff was in a serious condition, which finally convinced Defendant to call "the code" to obtain medical help for Plaintiff. (Id. at 5, 12.)

Plaintiff was first taken to the medical unit inside ASMP, where ASMP personnel immediately transferred him to an outside hospital due to the severity of his injuries. (Id.) At the hospital, medical personnel determined Plaintiff had two broken ribs, a broken nose, and multiple contusions to his head, face, and back. (Id.) Follow-up medical appointments revealed Plaintiff also "had a case of neuropathy," which would only worsen over time. (Id.) Moreover, Plaintiff's ribs healed irregularly and may require corrective surgery. (Id.) Bones in Plaintiff's back were also "substantially damaged." (Id. at 5.) Plaintiff requests monetary relief. (Id.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated a viable claim for medical deliberate indifference against Defendant. See Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024) (*en banc*); see also Norman v. Jefferson, No. 5:21-cv-00455, 2022 WL 22867356, at *7 (M.D. Ga. June 14, 2022) (allowing medical deliberate

indifference claim to proceed in case where plaintiff, while "in severe pain and . . . bleeding continuously," informed prison staff of his medical needs but they did not call for medical help); McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) ("Even where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours . . . ."). Accordingly, process shall issue as to this Defendant on this claim. In a companion Report and Recommendation, the Court recommends dismissal of Plaintiff's claims for failure to protect, failure to intervene, and conditions of confinement, as well as all official capacity claims for monetary damages.

## II.   INSTRUCTION

**IT IS HEREBY ORDERED** service of process shall be effected on Defendant Hobbs. The United States Marshal shall mail a copy of the complaint, (doc. no. 1), and this Order by first-class mail and request that Defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendant to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the defendant, or upon the defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or

other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or defense counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>. The defendant shall ensure Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery. <u>See generally</u> Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised

that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 3rd day of January, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA